## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRUCE CLEMENT PENNINGTON, JR.  and** ) | |
| **VANESSA KAY OLLER,** ) | |
| *as parents of minor S. G. O.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 17-1282-EFM-GEB** |
| ) | |
| **SAINT FRANCIS COMMUNITY SERVICES,** ) | |
| **et al.,** ) | |
| **Defendants.** ) | |
| _____ ) | |

### ORDER
### and
### REPORT AND RECOMMENDATION

This matter is before the Court on plaintiff Bruce Clement Pennington, Jr.'s Motion for Leave to Proceed Without Payment of Fees (ECF No. 4, sealed) and his Motion for Appointment of Counsel (ECF No. 5).  After a review of the docket in this matter, the undersigned Magistrate Judge **DENIES** the motion for appointment of counsel (**ECF No. 5**); and **RECOMMENDS DENIAL** of the motion for in forma pauperis (**ECF No. 4**) and **RECOMMENDS** dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

### Background

Plaintiffs filed their Complaint, acting pro se, on November 7, 2017.  The matter was before the Court on plaintiff Bruce Clement Pennington, Jr.'s Motion for Leave to Proceed Without Payment of Fees and attached affidavit of financial resources (ECF No.

4, sealed) and his Motion for Appointment of Counsel (ECF No. 5). After review of those pleadings, the Court determined it required additional information in order to decide the motions.

On November 21, 2017, the Court sent a letter to Plaintiffs outlining three specific deficiencies in their filings. First, only Mr. Pennington, and not Ms. Oller, filed a motion for leave to proceed without payment of fees. However, a separate motion and affidavit is necessary for each named plaintiff wishing to proceed without payment of fees, in order for the Court to properly consider the request. Second, Mr. Pennington's financial affidavit was incomplete, and did not clearly outline his current income. Finally, Mr. Pennington was the sole named Plaintiff who submitted a motion for appointment of counsel, and his motion was incomplete. Mr. Pennington did not disclose those attorneys with whom he has consulted, as required. (*See* Notice and Order to Show Cause, ECF No. 7.)

Along with the November 21 letter, the Court mailed forms to Plaintiffs for their use, and encouraged them to utilize the Court website. The letter informed Plaintiffs that failure to supplement their filings may result in negative consequences to their case, up to and including a recommendation of dismissal. The Court entered an Order establishing a deadline of December 15, 2017, for Plaintiffs to supplement their previous filings (Order, ECF No. 6). Plaintiffs did not respond.

On January 10, 2018, the undersigned U.S. Magistrate Judge ordered Plaintiffs to show cause, on or before January 26, 2018, why she should not recommend dismissal of Plaintiffs' claims based upon their failure to supplement as ordered. The Notice and

Order to Show Cause (ECF No. 7) was mailed to Plaintiffs by certified mail, return receipt delivery, at Plaintiffs' last known address.  The Notice was returned to the Court as "Return to Sender; Unclaimed; Unable to Forward." (ECF No. 8.)  This brings the Court to the current posture of the case, which has shown no action by either Plaintiff since November 16, 2017.

## Discussion

The Plaintiffs' mailing address, reflected on the electronic docket and utilized by the Court, was provided to the clerk's office at filing and is the address stated on the Complaint (ECF No. 1, at 1) and the Civil Cover Sheet (ECF No. 2).  Local Rules require pro se parties to "notify the clerk in writing of any change of address or telephone number." D. Kan. Rule 5.1(c)(3).  "Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice." (*Id.*)

Although a different address is reflected for Mr. Pennington on an envelope in which the Complaint was mailed, as well as on his Affidavit of Financial Status (ECF No 4-1, sealed), the Complaint and Cover Sheet clearly indicate the parties' desire to "use" the following address as the "primary mail contact":  9435 W. Central, Apt. 2; Wichita, Kansas 67212 (see notation on Civil Cover Sheet, ECF No. 2).  As the Tenth Circuit Court of Appeals has noted, "it would be unreasonable to require courts to wade through a party's file in order to determine the most recent or most likely address at which to

contact the party."[1]    Service of the prior Court orders, then, was accomplished by "mailing it to [plaintiffs'] last known address—in which event service [was] complete upon mailing."[2]

In light of Plaintiffs' failure to provide adequate information by which to consider the motions, the undersigned **DENIES** Plaintiff Bruce Clement Pennington, Jr.'s Motion for Appointment of Counsel (**ECF No. 5**), and **RECOMMENDS** that Plaintiff Bruce Clement Pennington, Jr.'s Motion to Proceed *In Forma Pauperis* (**ECF No. 4**) be **DENIED**.

Additionally, because Plaintiffs have failed to comply with the Court's orders, and/or failed to provide the Court with a current address, this Court **RECOMMENDS** this matter be **DISMISSED without prejudice**.  "A court has the inherent power to dismiss an action for failure to prosecute in order to ensure the orderly and expeditious resolution of cases."[3]  And, although the "pro se plaintiff[s] must be afforded a liberal reading of [their] pleadings, [they] must comply with the procedural rules and statutes that govern all litigants."[4]  Because Plaintiffs have failed to prosecute this matter, and/or failed to supply a current address, this case may be dismissed.[5]

---

[1] *See ReVoal v. Brownback*, No. 14-4076, 2014 WL 5321093, at *1 (D. Kan. Oct. 16, 2014) (citing *Theede v. U.S. Dept. of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) (holding pro se plaintiff's objections to magistrate's report and recommendation untimely and not appealable where report was mailed to plaintiff's last known address, even though that was not actually his current address).

[2] *Id.* (citing Fed. R. Civ. P. 5(b)(2)(C)).

[3] *Pollock v. Kansas Dep't of Corr.*, No. 13-3051-SAC (D. Kan. July 22, 2013) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962)).

[4] *Vianez v. FNU LNU*, No. 14-3018-SAC (D. Kan. Mar. 26, 2014) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); also citing *Vianez v. District Court of Phoenix*, 2013 WL 6511668 (D. Ariz., Dec. 12, 2013)(addressing pleadings filed after

**IT IS THEREFORE RECOMMENDED** that this matter be dismissed without prejudice due to Plaintiffs' failure to supplement the record as directed.

**IT IS ORDERED** that a copy of this recommendation shall be mailed to Plaintiffs by certified mail.  This mailing shall be sent to the address listed on the Complaint and Cover Sheet: 9435 W. Central, Apt. 2; Wichita, Kansas 67212; as well as to the address contained on the envelope attached to the Complaint: Bruce Pennington, Butler County Jail, 701 S. Stone Rd.; El Dorado, Kansas 67042.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiffs may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation.  Failure to make a timely objection waives appellate review of both factual and legal questions.[6]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 6th day of February 2018.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

dismissal of plaintiff's complaint due to his failure to submit the filing fee or file an application to proceed in forma pauperis and due to his failure to submit an amended complaint on a form approved by the court).

[5] *Pollock v. Kansas Dep't of Corr.*, No. 13-3051-SAC (D. Kan. July 22, 2013) (dismissing the case for "plaintiff's failure to supply a current address or otherwise prosecute" the case).

[6] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).